**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 17, 2018

Lakina Wright
5402 Narcissus Avenue
Baltimore, MD 21215

Jay C. Hinsley
Social Security Administration
6401 Security Boulevard, Room 617
Baltimore, MD 21235

       RE: *Lakina Wright o/b/o L.R. v. Commissioner, Social Security Administration*;
             Civil No. SAG-17-658

Dear Ms. Wright and Counsel:

      On March 8, 2017, Plaintiff Lakina Wright, who proceeds *pro se*, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Children's Supplemental Security Income ("SSI") on behalf of her minor daughter, L.R. [ECF No. 1]. Ms. Wright did not file a motion for summary judgment, but filed a response to the Commissioner's Motion for Summary Judgment. [ECF No. 18]. I have considered the Commissioner's motion and Ms. Wright's response. [ECF Nos. 16, 18]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Ms. Wright protectively filed a claim for Children's SSI on behalf of L.R. on August 7, 2009, alleging a disability onset date of June 20, 2009. (Tr. 137-42). L.R. was awarded benefits for her impairment of "prematurity with low birth weight." (Tr. 9, 12). Following a continuing disability review, L.R.'s benefits ceased as of March 11, 2013. (Tr. 46-48). The cessation was upheld on reconsideration. (Tr. 59-60). A hearing was initially scheduled on January 13, 2015, but was postponed to allow time for Ms. Wright to obtain a representative. (Tr. 102); *see also* (Tr. 9). Ms. Wright, however, did not secure representation. (Tr. 29-30). A hearing was held on August 20, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 27-41). Following the hearing, the ALJ issued an opinion denying benefits. (Tr. 6-26). The Appeals Council ("AC") denied Ms. Wright's request for further review, (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ evaluated Ms. Wright's claim using the three-step sequential process to determine whether L.R.'s impairments have medically improved and no longer result in marked and severe functional limitations, as set forth in 20 C.F.R. § 416.994a. At step one, the ALJ must determine whether there has been medical improvement in the impairment found at the time of the most recent favorable decision—otherwise known as the comparison point decision ("CPD"). 20 C.F.R. § 416.994a(b)(1). If there is medical improvement, at step two, the ALJ must consider whether the impairment meets or medically equals the severity of the listed impairment that it met or equaled at the time of the CPD. *Id.* § 416.994a(b)(2). If the impairment does not meet or equal the severity of the listing, at step three, the ALJ must determine whether the child remains disabled. *Id.* § 416.994a(b)(3). In doing so, the ALJ must consider: (1) whether the claimant has a severe impairment or combination of impairments; (2) whether the claimant's impairment(s) meet or medically equal the severity of any listings; and (3) whether the claimant's impairment(s) functionally equal the severity of any listings. *Id.*

For children, listings describe impairments that cause marked and severe functional limitations. *See id.* § 416.924. Generally, a child's impairment meets "listing-level severity" if it causes "'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain [of functioning]." *Id.* § 416.925; *see also id.* § 416.926a(e). If an impairment does not meet or equal any listings, the ALJ may determine that the impairment is functionally equivalent to a listing. *Id.* § 416.926a(a). In doing so, the ALJ considers the child's daily activities, including everything the child does at home, at school, and in the community. *Id.* § 416.926a(b). Next, the ALJ assesses the child's capacity to perform activities and identifies which of the child's activities are limited in any or all of the six domains or broad areas of functioning. *Id.*; *see also* SSR 09–1p, 2009 WL 39603, at *2 (Feb. 17, 2009). The six domains include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. §§ 416.926a(b)(1)(i)-(vi).

In evaluating the child's ability to function in each domain, the ALJ will consider information related to the following questions:

(i)   What activities is the child able to perform?

(ii)  What activities is the child not able to perform?

(iii) Which of the child's activities are limited or restricted compared to other children her age who do not have impairments?

(iv)  Where does the child have difficulty with her activities—at home, in childcare, at school, or in the community?

(v)   Does the child have difficulty independently initiating, sustaining, or completing activities?

      (vi)    What kind of help does the child need to do her activities, how much help does she need, and how often does she need it?

*Id.* §§ 416.926a(b)(2)(i)-(vi). An impairment functionally equals a listing if the claimant has "marked" limitations in two domains, or an "extreme" limitation in one domain. *Id.* § 416.926a(d).

      Here, at step one, the ALJ found that there was medical improvement in L.R.'s impairment of "prematurity with low birth weight," which was present at the time of the CPD. (Tr. 12-13); *see* 20 C.F.R. § 416.994a(b)(1). At step two, the ALJ determined that L.R.'s CPD impairment no longer met or equaled the severity of Listing 100.04. (Tr. 12-13); *see* 20 C.F.R. § 416.994a(b)(2). Additionally, the ALJ concluded that L.R.'s CPD impairment did not functionally equal any listings. (Tr. 13-19). In assessing the six domains of function, the ALJ found that L.R. has suffered "no limitation" in acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, or caring for herself, and has suffered "less than marked limitation" in health and physical well-being. (Tr. 14-19). At step three, the ALJ found that L.R. presently suffered from the following severe impairments: "low birth weight and sickle cell anemia." (Tr. 19); *see* 20 C.F.R. § 416.994a(b)(3)(i). The ALJ, however, concluded that L.R.'s present impairments did not meet or medically equal the criteria of any listings. (Tr. 19); *see* 20 C.F.R. § 416.994a(b)(3)(ii). The ALJ further found that L.R.'s impairments did not functionally equal any listings. (Tr. 20-22); *see* 20 C.F.R § 416.994a(b)(3)(iii). In so finding, the ALJ determined that, since March 11, 2013, L.R. has suffered "no limitation" in acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, or caring for herself, and has suffered "less than marked limitation" in health and physical well-being. (Tr. 21-22). The ALJ therefore determined that L.R. was no longer disabled for purposes of Children's SSI benefits. (Tr. 22).

      I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). Ultimately, I am not permitted to make my own determination about whether L.R. was disabled. My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Wright's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, because the ALJ supported her determination with substantial evidence, I must affirm.

      The ALJ proceeded in accordance with applicable law at all three steps of her evaluation. At step one, the ALJ ruled against Ms. Wright, finding that there has been medical improvement

of L.R.'s CPD impairment. (Tr. 12-13). Most notably, the ALJ cited to April 12, 2013 treatment notes and observed that Ms. Wright "denied any concerns regarding [L.R.'s] health." (Tr. 13); *see also* (Tr. 337) ("[L.R.] has been well without pain issues - Mom has no concerns at this time."). The ALJ also noted that L.R.'s weight increased from 10.25 kilograms in January, 2012, to 12.4 kilograms in April, 2013. (Tr. 13). Moreover, the ALJ accorded great weight to the State agency medical consultants' opinions that L.R. "had shown significant medical improvement." *Id.*; *see also* (Tr. 334) (March 11, 2013 State agency medical assessment notes indicating that, "[f]rom medical perspective, claimant has shown significant medical improvement"); (Tr. 348) (June 11, 2013 State agency medical assessment notes indicating that "claimant is asymptomatic, no pain, no voc with normal exam. . . . [and] no change for evaluation . . . of 3/11/13"). At step two, the ALJ found that L.R.'s CPD impairment no longer met or equaled Listing 104.04, which only "pertains to low birth weight in infants from birth to attainment of age 1." (Tr. 13); *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 100.04. Additionally, the ALJ concluded that L.R.'s CPD impairment did not functionally equal any listings. (Tr. 13-19). In assessing the six domains of function, the ALJ found that L.R. has suffered "no limitation" in acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, or caring for herself, and has suffered "less than marked limitation" in health and physical well-being. (Tr. 14-19).

At step three, the ALJ found that L.R. presently suffered from the following severe impairments: "low birth weight and sickle cell anemia." (Tr. 19); *see* 20 C.F.R. § 416.994a(b)(3)(i). The ALJ, however, concluded that L.R.'s present impairments did not meet or medically equal the criteria of any listings. (Tr. 19); *see* 20 C.F.R. § 416.994a(b)(3)(ii). The ALJ further found that L.R.'s impairments did not functionally equal any listings. (Tr. 20-22); *see* 20 C.F.R § 416.994a(b)(3)(iii). Specifically, the ALJ determined that, since March 11, 2013, L.R. has suffered "no limitation" in acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, or caring for herself, and has suffered "less than marked limitation" in health and physical well-being. (Tr. 21-22). In so finding, the ALJ observed that L.R.'s "mother indicated that [L.R.] does not have difficulty at school." (Tr. 15). The ALJ also cited to L.R.'s medical records and noted that L.R.'s physical examinations were "normal" and "unremarkable." (Tr. 20-21). Most significantly, the ALJ cited to Ms. Wright's own testimony, noting that Ms. Wright repeatedly "denied any concerns regarding [L.R.'s] health," (Tr. 21), and "denied any impact on her home and school functioning," (Tr. 22). In response to the ALJ's question regarding whether L.R. "ha[s] any problems," Ms. Wright responded: "No, ma'am. Not at all. It's just the growth spurt, that's about it." (Tr. 35). Ms. Wright also testified that L.R. functions well, (Tr. 37); that L.R.'s sickle cell anemia is "under control," *id.*; and that L.R. is "very alert," (Tr. 38). Ultimately, the ALJ's finding was supported by substantial evidence. Thus, I must affirm the ALJ's determination.

For the reasons set forth above, the Commissioner's Motion for Summary Judgment, [ECF No. 16], is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is AFFIRMED. The Clerk is directed to CLOSE this case.

*Lakina Wright o/b/o L.R. v. Commissioner, Social Security Administration*;
Civil No. SAG-17-658
January 17, 2018
Page 5

  Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

              Sincerely yours,

              /s/
            Stephanie A. Gallagher
           United States Magistrate Judge